UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANICE BOWEN, et al., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) No. 4:09CV1309 JCH |
| | ) |
| ROBERT G. O'BLENNIS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioners' motions to proceed in forma pauperis. Based on the financial affidavits included with the motions, the Court finds that petitioners are indigent. As a result, the Court will grant the motions.

Pursuant to 28 U.S.C. § 1915(e), the Court must review any petition filed in forma pauperis and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Petitioners are Social Security claimants currently pursuing proceedings before the Social Security Administration (the "Administration"). Robert O'Blennis is an administrative law judge ("ALJ") with the Administration. In their petition for writ of mandamus, petitioner's claim that defendant has failed to hold a supplemental hearing in accordance with the Administration's Hearings, Appeals and Litigation Law Manual

("HALLEX"). Petitioners seek an order from this Court directing defendant to conduct such a hearing in accordance with HALLEX.

Title 28 U.S.C. § 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "In order for mandamus to lie the 'duty owed to the plaintiff' must be ministerial and a positive command so plainly prescribed as to be free from doubt." Keeny v. Secretary of Army, 437 F.2d 1151, 1152 (8th Cir. 1971).

"HALLEX is a purely internal manual and as such has no legal force and is not binding." Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000); c.f. Shontos v. Barnhart, 328 F.3d 418, 424 (8th Cir.2003) (the Social Security Administration's Program Operations Manual System (POMS) guidelines do not have legal force and do not bind the Commissioner). As a result, a petitioner may not "bas[e] a mandamus claim on a provision of the HALLEX." Lowry v. Massanari, 2001 WL 34047027 *4 (D. Or. 2001).

Because a § 1361 petition for writ of mandamus may not be based on a provision of the HALLEX, petitioners are not entitled to the relief that they seek. As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e) or for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions to proceed in forma pauperis are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Order.

Dated this 19th Day of August, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE